**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**HARRY FOSTER,**

                                **Plaintiff,**

**v.**                                                                  **17-CV-6-LJV**

**NATIONAL RECOVERY AGENCY,**

                                **Defendant.**

## DECISION AND ORDER

Plaintiff Harry Foster ("Plaintiff") alleges that Defendant National Recovery Agency ("Defendant" or "NRA") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, by calling his cell phone using an automated telephone dialing system and leaving prerecorded messages in an attempt to collect a debt. Dkt. No. 1. This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. No. 29. Currently before the Court are Plaintiff's Motion to Strike the intake record from NRA's client, Eastern Niagara Radiology ("EN Radiology"), and the parties' cross-motions for summary judgment on Plaintiff's TCPA claim only. Dkt. Nos. 28, 41, 47. For the following reasons, Plaintiff's Motion to Strike is denied, but Plaintiff shall be permitted to conduct further discovery regarding how EN Radiology attained Plaintiff's cell phone number. Defendant shall bear the costs of such discovery including any necessary depositions. Because the parties cross-motions for summary judgment cannot be resolved absent further discovery, they are hereby terminated without prejudice to renew.

## **FACTUAL BACKGROUND**

The following facts are taken from the Complaint, the parties' Local Rule 56(a)(1) Statements and Counterstatements of Facts, the Affidavit of Harry Foster in Support of Plaintiff's Motion for Summary Judgment, and the Affirmation of Seth J. Andrews in support of Plaintiff's Motion to Strike.  Dkt. Nos. 1, 28-1, 28-19, 51-13, 46-4, 47-1.  On June 11, 2013, Plaintiff was involved in a motor vehicle accident and sought treatment for his injuries at Eastern Niagara Hospital in Lockport, NY ("EN Hospital").  Dkt. No. 28-1, ¶ 7.  Plaintiff provided EN Hospital with his insurance number and address but does not recall if he furnished his cell phone number, 716-418-3830, which was in his fiancée's name but used exclusively by Plaintiff.  Dkt. No. 28-1, ¶¶ 4-5, 7.  Sometime later in 2014, Plaintiff's treating physician, Dr. Denhasse, referred Plaintiff to EN Radiology to have some imaging done.  Dkt. No. 28-1, ¶ 8.  Plaintiff does not recall providing his insurance information to EN Radiology nor does he recall filling out any paperwork.  Dkt. No. 28-1, ¶ 9.  However, Plaintiff did provide his insurance information to his treating physician.  Dkt. No. 38-1, ¶ 9.

Between February 6, 2015, and December 13, 2016, Defendant placed approximately 73 calls to Plaintiff's cellular phone to collect an outstanding debt owed to its client, EN Radiology.  Dkt. No. 28-19, ¶¶ 1-2.  Plaintiff spoke to NRA representatives numerous times and explained that his personal injury attorneys, Cellino and Barnes, told him that insurance covered the costs of his treatment.  Dkt. No. 28-1, ¶ 11, 12.  Nonetheless, Defendant continued to call Plaintiff to collect the debt.  Dkt. No. 28-1, ¶ 12.  On those occasions when Plaintiff did not answer his phone, Defendant left an automated message in his voice mail stating, "please call 1-800-360-4319."  Dkt. No. 28-1, ¶ 13.

Defendant contends that it generally utilizes its Mercury Dialing System to call the phone numbers of purported debtors stored in its account management software, Platinum.  Dkt. No. 28-19, ¶ 8; Dkt. No. 41-13, ¶ 8.  On August 24, 2015, after learning that Plaintiff's name was not the name associated with AT&T's account for the 716-418-3830 number, Defendant began initiating calls to Plaintiff in "manual mode."  Dkt. No. 28-19, ¶¶ 9-10; Dkt. No. 41-1, ¶¶ 9-10.

On April 14, 2015, Plaintiff told an NRA representative that he would "have her arrested" if she kept calling him.  Dkt. No. 41-13, ¶ 12.  Plaintiff told another NRA representative on May 12, 2015, that he would file a lawsuit against the company for harassment.  Dkt. No. 31-13, ¶ 13.  Defendant continued to call Plaintiff on his cellular phone through December 13, 2016.  Dkt. No. 28-1, ¶ 17.

Plaintiff commenced this case on January 4, 2017, asserting violations of the TCPA and FDCPA.  Dkt. No. 1.  On or about April 25, 2019, Plaintiff served discovery demands on Defendant, including a request for production of documents.  Dkt. No. 47-1, ¶ 4.  Plaintiff specifically asked for any "documents or data that shows Plaintiff's consent to receive calls on his/her cellular phone."  Dkt. No. 47-1, p. 11.  Defendant did not produce any documents purporting to show that Plaintiff provided his cell phone number to Defendant's client, EN Radiology.  Dkt. No. 47-1, ¶ 5.  Defendant turned over what appeared to be a typed intake form from EN Hospital, which identified Plaintiff's cell phone number as 716-418-3830.  Dkt. No. 41-7, p. 3.  However, it is undisputed that Defendant's client was EN Radiology and not EN Hospital.  Dkt. No. 47-1, p. 5.

On August 8, 2019, Defendant's 30(b)(6) witness, Steven Kusic, testified that he had an "electronic form" from EN Radiology similar to the EN Hospital intake form. Dkt. No. 47-1, ¶ 6; Dkt. No. 47-3, p. 6. Plaintiff's counsel asked that Defendant produce the document. Dkt. No. 47-1, ¶ 6. After the deposition, counsel reiterated his request for any outstanding discovery before the deadline the following day, August 9, 2019, but Defendant did not produce any intake records from EN Radiology. Dkt. No. 47-1, ¶¶ 7, 8. On October 28, 2019, Plaintiff filed a motion for summary judgment as to his TCPA claim, arguing among other things, that Defendant did not have Plaintiff's prior express consent to call him on his cellular phone. Dkt. No. 28, pp. 4-6. Several months later, Defendant opposed and cross-moved for summary judgment on the TCPA claim, producing for the first time, a copy of an electronic intake form from EN Radiology, identifying Plaintiff's phone number as 716-418-3830. Dkt. No. 41-8, p. 2 (Bates Stamped NRA0196). Plaintiff thereafter moved under Rule 37 of the Federal Rules of Civil Procedure to bar Defendant from using the document in these proceedings or at trial based on its failure to disclose it prior to the discovery deadline and Plaintiff's Motion for Summary Judgment. Dkt. No. 47.

**DISCUSSION AND ANALYSIS**

"A district court may impose sanctions when 'a party . . . fails to obey an order to provide or permit discovery.'" *Burns v. Imagine Films Entm't, Inc.,* 164 F.R.D. 594, 598 (W.D.N.Y.1996) (quoting F.R.C.P. 37(b)). Rule 37 of the Federal Rules of Civil Procedure, which dictates the discovery obligations of civil litigants, vests district courts with "broad power" to impose sanctions on parties who fail to adhere to discovery orders. *Karpio v. Bernzomatic Corp.*, 2015 WL 1808605, at *4 (W.D.N.Y. Apr. 21, 2015)

4

(citing *Friends of Animals, Inc. v. United States Surgical Corp.*, 131 F.3d 332, 334 (2d Cir.1997) (per curiam)).

"The rule mandates preclusion unless the violation was substantially justified or harmless." *Peters v. Molloy Coll. of Rockville Ctr.*, 2010 WL 3170528, at *5 (E.D.N.Y. Aug. 10, 2010). "Substantial justification means justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Coene v. 3M Co.*, 303 F.R.D. 32, 44 (W.D.N.Y. 2014) (citation omitted). "'Harmlessness' in the context of Rule 37(c)(1) 'means an absence of prejudice to the defendant.'" *Ferrari Club of Am., Inc. v. Bourdage*, 2017 WL 1498080, at *5 (W.D.N.Y. Apr. 25, 2017) (internal citations omitted).

Defendant provides no justification for failing to produce NRA0196, despite numerous requests to do so as detailed above. And it cannot be said that failure to produce NRA0196 is "harmless," as the document bears on the critical issue of whether Plaintiff consented to be contacted on his cell phone by EN Radiology. "Prior express consent is an affirmative defense to liability under the TCPA." *Latner v. Mount Sinai Health Sys., Inc.*, 879 F.3d 52, 54 (2d Cir. 2018). "[T]he context of the consent provided is absolutely critical." *Baisden v. Credit Adjustments, Inc.*, 813 F.3d 338, 343 (6th Cir. 2016) (holding that plaintiff, whose wife provided their cell phone numbers in paperwork she filled out when he was admitted to the hospital, gave prior express consent to receive calls relating to medical debt on those numbers). Without any specifics about the circumstances under which Defendant obtained Plaintiff's cell phone number, it is impossible to determine whether Defendant violated the TCPA.

This Court is troubled by Defendant's unjustified failure to disclose NRA0196 during the discovery period, as it was clearly relevant and responsive.  At the same time, it recognizes that "preclusion is a harsh remedy that 'should be imposed only in rare situations.'"  *Peters*, 2010 WL 3170528, at *5 (internal citations omitted).  To alleviate any prejudice to Plaintiff, discovery shall be reopened for the limited purpose of allowing Plaintiff to conduct further discovery, including depositions if necessary, to inquire about all relevant circumstances concerning or related to NRA0196.  Defendant shall bear the costs of such discovery.  A scheduling order will issue shortly.  Further, the parties' cross-motions for summary judgment on the TCPA claim (Dkt. No. 28, 41) shall be terminated without prejudice to renew.

**SO ORDERED.**

DATED: Buffalo, New York
March 31, 2021

*S/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

6