UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HARRY FOSTER,

       Plaintiff,

  v.                                  17-CV-6-LJV-HKS
                                     DECISION & ORDER
NATIONAL RECOVERY AGENCY,

       Defendant.

## **INTRODUCTION**

On January 4, 2017, the plaintiff, Harry Foster, commenced this action, alleging that the defendant, National Recovery Agency ("NRA"), violated the Telephone Consumer Protection Act and the Fair Debt Collection Practices Act. Docket Item 1. On October 28, 2019, Foster moved for summary judgment, Docket Item 28; on March 5, 2020, NRA cross-moved for summary judgment, Docket Item 41; and on May 29, 2020, Foster moved to strike an attachment to NRA's cross-motion for summary judgment—an intake record from NRA's client, Eastern Niagara Radiology (the "intake form"), Docket Item 47.

In the meantime, this Court referred the matter to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 29. On March 31, 2021, Judge Schroeder issued a Decision and Order ("D&O") denying the motion to strike and reopening discovery, at NRA's expense, "for the limited purpose of allowing [Foster] to . . . inquire about all relevant circumstances

concerning or related to" the intake form.  Docket Item 49 at 6.  Judge Schroeder also "terminated without prejudice" the cross-motions for summary judgment.  *Id.*

On April 14, 2021, Foster objected to the D&O, arguing that NRA should be precluded from using the intake form in support of its motion for summary judgment.  *See* Docket Item 51.  Foster also asserted that because he might not have moved for summary judgment had the intake form been disclosed earlier, he should be awarded all legal fees associated with any additional discovery.  *Id.* at 7-8.  Two weeks later, Foster's counsel filed an affidavit stating that "[o]n April 22, 2021, [] counsel became aware for the first time that [the intake form] was sent as an attachment in an email [] to counsel [from NRA] on August 12, 2019."  Docket Item 53 at 1.  On May 13, 2021, NRA responded to the objection, arguing that discovery should not be reopened and, alternatively, that it should not bear discovery costs.  *See* Docket Item 54.  On May 20, 2021, Foster replied.  Docket Item 55.

This Court has carefully and thoroughly reviewed the record in this case; the D&O; the objection, response, and reply; and the materials submitted to Judge Schroeder.  Based on that review, the Court affirms Judge Schroeder's D&O denying the motion to strike and reopening limited discovery.[1]

## **STANDARD OF REVIEW**

Under Rule 72(a) of the Federal Rules of Civil Procedure, when a party timely objects to a magistrate judge's decision on a non-dispositive matter, "the district judge in

---

[1] The Court assumes familiarity with the undisputed facts and analysis in the D&O, Docket Item 49.

2

the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A decision is contrary to law "when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citation omitted). Unlike *de novo* review for dispositive matters, which is without deference, *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001), the standard of review for non-dispositive decisions is "highly deferential": a district court "may not reject a magistrate judge's non-dispositive order 'merely because the [district] court would have decided the matter differently,'" *Davis v. 2191 Niagara Street, LLC*, 351 F. Supp. 3d 394, 410 (W.D.N.Y. 2019) (alterations in original) (quoting *Rubin v. Valicenti Advisory Svcs., Inc.*, 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007)).

## **DISCUSSION**

In his motion to strike the intake form, Foster asserted that he did not see the form until NRA cross-moved for summary judgment. Docket Item 47-1 at 2; Docket Item 47-4 at 3. After the D&O was filed, however, Foster's attorney realized that he first received the intake form in an email on August 12, 2019—three days after the close of discovery but more than two months before Foster moved for summary judgment. *See* Docket Item 53 at 1. Nevertheless, because the intake form was disclosed after the discovery deadline expired, Foster still argues that NRA should be precluded from using

it and that Judge Schroeder erred in deciding otherwise.  Docket Item 51 at 3-5; Docket Item 53 at 2-3.  This Court disagrees.

Federal Rule of Civil Procedure 37 "vests district courts"—and magistrate judges to whom matters are referred—"'broad power' and discretion to impose sanctions . . . on parties who fail to adhere to discovery orders."  See Karpio v. Bernzomatic Corp., 2015 WL 1808605, at *4 (W.D.N.Y. Apr. 21, 2015) (citations omitted).  One such sanction is the preclusion of evidence.  See Fed. R. Civ. P. 37(c)(1).  But that is a "harsh remed[y]" that "should be imposed only in rare situations."  Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 71 (2d Cir. 1988).

Indeed, the Second Circuit has instructed that "[b]efore the extreme sanction of preclusion" is imposed, the court "must consider less drastic responses."  See Outley v. City of New York, 837 F.2d 587, 591 (2d Cir. 1988).  That is exactly what Judge Schroeder did here.  And the fact that Foster's attorney actually had the form a couple months before Judge Schroeder thought he had it makes a response "less drastic" than preclusion even more appropriate.

Absent legal error, a clearly erroneous factual determination, or an abuse of discretion, a district court should not interfere with the discretion of a magistrate judge to whom a matter has been referred.  See, e.g., Carmona v. Wright, 233 F.R.D. 270, 276 (N.D.N.Y. 2006) ("[M]agistrate judges have broad discretion to regulate nondispositive matters, and reversal is warranted only if that discretion is abused.").  Judge Schroeder committed no legal error, made no clearly erroneous factual finding, and did not abuse his discretion in denying the motion to strike and reopening discovery.  For that reason, this Court will not disturb that decision.

4

For its part, NRA argues that if this Court affirms Judge Schroeder's reopening of discovery, NRA should not bear the cost because "the discovery and deposition(s) to be taken . . . are likely those that would have taken place prior to the filing of [s]ummary [j]udgment[] and will not be more costly or onerous for [Foster]."  Docket Item 54 at 7.  As an initial matter, NRA did not object to the D&O and therefore has waived this argument.  *See Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988).

Regardless, this Court agrees with Judge Schroeder that NRA should bear the costs of additional discovery notwithstanding the new facts.  Even though the intake form was disclosed earlier than Judge Schroeder was led to believe, it still was not disclosed until after the discovery deadline, and Foster had requested it more than once.  *See* Docket Item 47-1 at ¶¶ 4-7.  And while Foster's counsel should have realized that NRA sent the intake form in August 2019, NRA apparently did not recognize counsel's mistake either.  After all, NRA did not tell Foster's counsel about the error until April 2021—that is, until after both parties had moved for summary judgment, Judge Schroeder had decided the D&O, and Foster had objected to it.  *See* Docket Item 53 at 1.  NRA never moved to extend the discovery deadline, and it still has not given any reason—let alone a good reason—why the intake form was not disclosed before the discovery deadline expired.  Therefore, this Court affirms Judge Schroeder's decision requiring NRA to bear the costs of additional discovery.

Finally, because the intake form had been disclosed well before Foster moved for summary judgment, his request for additional attorney fees is denied.

5

## **CONCLUSION**

The D&O, Docket Item 49, is AFFIRMED. The case is referred back to Judge Schroeder for further proceedings consistent with the referral order of November 12, 2019, Docket Item 29.

SO ORDERED.

Dated:   September 16, 2021
         Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE